# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CIVIL ACTION NO. 3:20-CV-00704-BJB-CHL

**VALENA ALLEN ,**                                                                                              **Plaintiff,**

**v.**

**LIFE INSURANCE COMPANY OF NORTH AMERICA, et al.,**         **Defendants.**

## MEMORANDUM OPINION AND ORDER

Before the Court are motions to stay discovery filed separately by Defendant Life Insurance Company of North America ("LINA") and Defendant Fifth Third Bank, N.A. ("Fifth Third") (collectively "Defendants"). (DN 26, 32, 33.) Plaintiff Valena Allen ("Allen") has filed responses to the motions (DN 36, 37), to which Defendants each filed a reply (DN 38, 39.) Therefore, the motions are ripe for review.

## I. BACKGROUND

Allen filed this action on October 19, 2020 for claims related to denial of long-term disability benefits under her comprehensive short-term disability policy provided by Fifth Third and administered by LINA. (DN 1.) On January 20, 2021, the Court entered a scheduling order establishing a fact discovery deadline of October 29, 2021. (DN 15.) On March 2, 2021, Fifth Third filed a partial motion for summary judgment (DN 24) and on March 3, 2021, LINA filed a motion for summary judgment (DN 25.) LINA then filed a motion to stay discovery pending a ruling on its motion for summary judgment. (DN 26.) On April 8, 2021, the Court conducted a telephonic status conference at the Parties request. (DN 31.) During the conference, the Parties reported that Allen had served Defendants with discovery requests to which Defendants had not responded. (*Id.*, at PageID # 337.) Defendants were in agreement that discovery should be stayed

pending a ruling on their dispositive motions. (*Id.*) They noted LINA's pending motion to stay (DN 26), and Fifth Third reported that it did not join that motion only because it construed a motion to stay as a discovery motion requiring a telephonic conference with the Court prior to filing. (*Id.*) In light of the discussion during the conference, the Court permitted LINA to supplement its motion to stay and granted leave for Fifth Third to brief its position on the issue. (*Id.*, at PageID # 338.)

## II. LEGAL STANDARD

It is "well established that the scope of discovery is within the sound discretion of the trial court." *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981). This includes "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). In assessing whether to stay discovery otherwise permitted under Rule 26 of the Federal Rules of Civil Procedure, courts must consider "the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Baker v. Swift Pork Co.*, No. 3:15-CV-663-JHM, 2015 WL 6964702, at *1 (W.D. Ky. Nov. 10, 2015) (citations omitted). Generally, "the filing of a case dispositive motion is insufficient to warrant a stay of discovery." *Brown v. Danson Inc.*, No. 1:11-cv-820, 2012 WL 3600100, at *2 (S.D. Ohio Aug. 21, 2012); *see also Baker*, 2015 WL 6964702, at *2-3.

## III. DISCUSSION

Below, the Court addresses each of the motions to stay.

### a. LINA's Motion

In its motion, LINA first argues that Allen would not be prejudiced by staying discovery. (DN 32, at PageID # 344.) LINA notes that it has already produced its short-term disability to

2

long-term disability transition policy and Allen's claim file for short-term disability benefits. (*Id.*) LINA states that the additional discovery she seeks will not assist her in opposing LINA's motion for summary judgment. (*Id.*, at PageID # 343-44.) For example, LINA asserts that discovery will not support her ERISA claims for life waiver of premium benefits because LINA did not offer those benefits to Fifth Third employees. (*Id.*, at PageID # 344.) LINA says that discovery cannot support her claim for long-term disability benefits because it turns on an interpretation of the short-term disability to long-term disability transition policy, which Allen already possesses. (*Id.*) Finally, LINA argues that discovery will not support her claim for tortious interference because "LINA was Fifth Third's agent in administering Plaintiff's STD claim, and [] a contracting party's agent for administering a contract cannot tortiously interfere with that contract." (*Id.*, at PageID # 344-45.)

LINA also addresses the potential argument that LINA's motion for summary judgment rests on issues of fact because it includes as an exhibit a declaration of Richard Lodi. (*Id.*, at PageID # 345.) LINA says that the declaration serves merely to authenticate documents not on the record and contains no statements of fact that are disputed. (*Id.*) Turning to Plaintiff's discovery requests, LINA argues that the broad requests cover far more than what is relevant to the motion for summary judgment. (*Id.*, at PageID # 345-46.)

On the other hand, LINA argues that its burden in proceeding with discovery exceeds any burden the stay would impose on Allen. (*Id.*, at PageID # 346.) For example, LINA notes that Allen has requested to depose several LINA employees with knowledge of Allen's claim, which would require LINA to prepare multiple people for depositions who are unlikely to provide material testimony when Plaintiff's claims are worth $11,000. (*Id.*) In general, LINA states that responding to discovery requests while its dispositive motion is pending would require it to expend

3

time, money, and resources when a pending order by the Court could dispose of the claims entirely. (*Id.*)

In response, Allen argues that additional discovery is necessary to respond to LINA's motion for summary judgment. (DN 37, at PageID # 416-18.) For example, Allen notes that her claim for long-term disability depends in part on whether a letter sent by her counsel purporting to be "submitting her claim" ought to have been considered a claim for benefits that LINA was obligated to process. Allen says that discovery regarding LINA's process for assisting claimants make claims will bear on that question. (*Id.*, at PageID # 416.) With respect to her tortious interference, Allen argues that LINA's assertion that it can't be liable as a matter of law downplays the nature of the conduct she alleges and does not rebut her right to discovery to explore avenues for liability. (*Id.*, at PageID # 416-17.) Allen also disputes LINA's assertion that its motion for summary judgment does not rely substantively declaration of Richard Lodi, and instead "provides LINA's ***argument*** for how the 'STD to LTD Transition policy and procedure' works . . . [and] LINA's ***argument*** for what it received from Ms. Allen and what it claims it did *not* receive (i.e., Proof of Loss)." (*Id.*, at PageID # 417.) Allen cites to a decision by this Court finding that a party could not rely on a declaration without affording the opposing party the opportunity to depose the declarant. (*Id.*)

Allen states that because she is unable to respond to LINA's motion for summary judgment without further discovery, staying discovery will require her to move to adjourn LINA's motion pending further discovery pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. (*Id.*, at PageID # 417-18.) Finally, Allen notes that the expert witness discovery deadlines could expire before the Court reaches a ruling on LINA's motion for summary judgment. (*Id.*, at PageID #

4

418.) Allen thus argues that staying discovery would further prejudice her because it will result in significant delay in resolving this case. (*Id.*, at PageID # 418-19.)

In reply, LINA disputes that Allen needs information about its internal policies to respond to the motion for summary judgment, citing to *Kennedy v. Life Ins. Co. of N. Am.*, 718 F. App'x 409, 410–11 (6th Cir. 2018), in which the court rejected the plaintiff's argument that LINA's internal short-term disability benefits to long-term disability benefits transition policy supported his claim to long-term disability benefits. (DN 38, at PageID # 421-22.) Similarly, LINA disputes that Allen needs discovery to determine whether the letter from her counsel purportedly "submitting her claim" should be treated as a valid claim submission, citing the finding in *Kennedy* that letters from the plaintiff's counsel were not valid claims for benefits. (*Id.*, at PageID # 422.) LINA notes that Allen's counsel also represented the plaintiff in *Kennedy* and should be aware of this precedent. (*Id.*) Regarding Allen's tortious interference claim, LINA states that the discovery Plaintiff seeks is irrelevant if LINA succeeds in its summary judgment argument that the claim is preempted by ERISA. (*Id.*, at PageID # 422-23.)

LINA also disputes Allen's asserted need to scrutinize the facts asserted in the deposition of Richard Lodi, noting that she did not initially request to depose Richard Lodi. (*Id.*, at PageID # 423.) LINA further notes that the only statement of fact in the declaration not existing elsewhere on the record is his statement that LINA did not receive proof of loss for the long-term disability claim, a statement that cannot be contradicted with additional testimony. (*Id.*)

The Court finds that the burden of proceeding with discovery upon Fifth Third weighed against the hardship to Allen in denying discovery does not justify a full stay of discovery related to Allen's claims against LINA. The Court begins with the burden to LINA. LINA has established that Plaintiff's discovery requests are expansive. This includes a set of twelve interrogatories and

nine requests for production covering information spanning nearly six years, many of which are drafted as contention requests (e.g., "State each defense, including affirmative, Defendant is asserting or relying on in this action. For each defense, provide the material facts supporting said defense."). (DN 32-2, at PageID # 358; DN 32-3, at PageID # 362-65.) To respond fully to those requests, LINA will have to engage in substantial fact finding, research all possible defenses and objections or risk them being deemed waived, and gather and produce documents, all at its own cost. Allen also seeks to depose four LINA employees who were involved with processing her short-term disability claim, including two nurse case managers, a group claims associate, and an appeals specialist. (DN 32, at PageID # 341.) Additionally, Allen has requested a Rule 36(b)(6) deposition. Requiring LINA to prepare five employees for deposition forces it to expend significant time and money on a claim it believes holds minimal value. The burden of discovery is also one-sided in this case; indeed, it doesn't appear that LINA has propounded any discovery requests or received any discovery from Allen beyond initial disclosures. Thus, Allen is not bearing a similar burden in proceeding with discovery while the claims against LINA linger under consideration.

On the other hand, delaying discovery runs a risk that Allen will be prejudiced. The Court begins with Allen's assertion that she will be prejudiced by delay. Allen filed suit on October 19, 2020 (DN 1), eight months ago, and discovery commenced on January 20, 2021 (DN 15), five months ago. To date, there have been no amendments to the scheduling order. In fact, the only extensions of time delaying these proceedings were granted at Allen's request. (*See* DN 28, 29, 31, 34, 35.) Avoiding delay in case progress is almost always preferable to litigants and the Court, but the delays Allen cites do not amount to hardship.

The Court now turns to Allen's assertion that she will be prejudiced in her ability to oppose LINA's motion for summary judgment if discovery is stayed. *See Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1195 (6th Cir. 1995) ("Before ruling on summary judgment motions, a district judge must afford the parties adequate time for discovery, in light of the circumstances of the case.")

LINA's motion for summary judgment argues that Allen's breach of contract claim fails as a matter of law because she failed to exhaust her administrative remedies, as is required before filing suit over the denial of benefits under an ERISA plan. (DN 25, at PageID 199-206.) Specifically, LINA argues that Allen failed to submit a claim for long-term disability benefits and that LINA's short-term to long-term transition policy did not apply to her. (*Id.*) The motion for summary judgment argues that Allen's claim for life waiver of premium ("LWOP") benefits fails as a matter of law because LINA didn't offer LWOP benefits to Fifth Third employees and that even if it offered these benefits, Allen did not submit a claim for LWOP. (*Id.*, at PageID 206-207.) Finally, the motion for summary judgment argues that Allen's claim for tortious interference fails as a matter of law because, as the agent charged with administering the benefits contract between Fifth Third and Allen, LINA cannot be liable for tortiously interfering in that contract. (*Id.*, at PageID # 207-09.) In the alternative, LINA argues the basis of Allen's claim, that LINA terminated Allen's short-term disability benefits to avoid eventual liability for long-term disability benefits, is impossible because Allen did not express interest in claiming long-term disability benefits until eight months after LINA terminated her short-term disability benefits. (*Id.*, at PageID # 209-10.) LINA also argues that even if the basis for Allen's claim for tortious interference were correct, the claim is preempted by ERISA. (*Id.*, at PageID # 210.)

Without weighing the merits of LINA's summary judgment arguments, the Court finds that LINA predicates them, in part, on findings of fact. For just one example, LINA addresses Allen's tortious interference claim on the merits, citing to facts to support its defense that its decision to terminate Allen's short-term disability benefits was not improperly motivated. (*Id.*, at PageID # 209-10.) While LINA also argues two affirmative defenses to the tortious interference claims, it cannot fairly be said that all the arguments raised in the motion are purely "legal in nature." (DN 32, at PageID # 343-44.) It would prejudice Allen to deny her the opportunity to take discovery that might result in genuine issues of material fact with respect to factual arguments LINA raised.

LINA has argued that Allen's claim to need such discovery is "disingenuous" and that "[i]f Plaintiff's counsel truly does require discovery to respond to LINA's motion, Plaintiff should be required to respond to LINA's Motion for Summary Judgment and comply with the requirements of Fed. R. Civ. P. 56(d), which requires an affidavit or declaration specifying the reasons he [sic] cannot respond and detailing the discovery that he claims is necessary." This order does not decide whether Plaintiff is entitled to adjournment of LINA's summary judgment motion for a period of additional discovery. Rather, the Court is addressing a motion to stay discovery that *LINA filed*, which imposes no burden of proof on Allen. In civil litigation, the default is that parties are entitled to discovery and that "the filing of a case dispositive motion is insufficient to warrant a stay of discovery." *Brown v. Danson Inc.*, No. 1:11-cv-820, 2012 WL 3600100, at *2 (S.D. Ohio Aug. 21, 2012). Here, the balance of interests weighs against granting the stay.

The Court notes that the legitimate burden of discovery LINA cites can be assuaged through mechanisms provided in the Federal Rules. Nothing in this order should be construed as precluding objections to Allen's discovery requests on any basis including undue burden or expense. Additionally, to the extent that Allen argued that staying discovery would be improper

because of her need to respond to LINA's motion for summary judgment, the Court encourages the Parties to work with one another to focus discovery efforts to allow Allen the necessary information to timely respond to the motion for summary judgment.

### b. Fifth Third's Motion

Fifth Third argues that staying discovery is proper because: (1) it will conserve judicial resources and narrow the issues in dispute; (2) Allen will not be prejudiced or disadvantaged by the stay; and (3) the stay will not unduly delay the case. (DN 33, at PageID # 379-82.)

Fifth Third first argues that its pending motion for judgment on the pleadings will narrow the issues in dispute, which in turn will reduce the Court's use of judicial resources in overseeing the case. (*Id.*, at PageID # 379-80.) Fifth Third cites to Allen's broad written discovery requests and her request for a Rule 30(b)(6) deposition noting that responding to these requests will require Fifth Third to expend significant resources and costs to defend claims that may be dismissed on the pleadings. (*Id.*, at PageID # 380.) Fifth Third argues that this burden weighs in favor of the stay because Allen only stands to gain $11,000 for her claims. (*Id.*, at PageID # 380-81.)

Second, regarding prejudice to Allen, Fifth Third cites to cases finding that short delays in litigation do not create hardship. (*Id.*, at PageID # 381.) Fifth Third also argues that Allen's ability to oppose its motion will not be prejudiced by the stay because Allen's claims against Fifth Third do not require discovery to be resolved. (*Id.*) Specifically, Fifth Third argues that Allen's state law wage claim will fail because the Kentucky wage statute does not treat disability benefits as wages. (*Id.*, at PageID # 379.) Additionally, Fifth Third states that its challenge to Allen's breach of contract claim is based solely on the face of the pleadings and Allen's short-term disability policy with Fifth Third. (*Id.*)

9

Finally, Fifth Third notes that this case is still in the early stages of litigation, and that once its motion is resolved, the Parties will be prepared to proceed with litigation in a timely manner. (*Id.*, at PageID # 382.)

In response to Fifth Third's arguments about resource allocation, Allen asserts that the stay will not reduce the use of the Court's resources in facilitating this case because the Court is not involved in discovery unless a dispute arises. (DN 36, at PageID # 409.) Allen also disputes that narrowing the issues would eliminate the need for discovery, because its discovery requests would still cover any remaining issues. (*Id.*, at PageID # 409-10.) Additionally, Allen suggests that the cost of discovery is more justified than Fifth Third suggests because in addition to the amount recoverable for long-term disability benefits, Allen also seeks to recovery for her breach of contract claim compensatory, equitable, and punitive damages in an amount to be determined at trial. (*Id.*, at PageID # 410.)

In response to Fifth Third's arguments about prejudice to Allen, Allen asserts that further discovery is necessary to further respond to the motion for judgment on the pleadings. (*Id.*, at PageID # 411.) For example, Allen states that "understanding the factual relationship between Fifth Third and LINA is intrinsically important to countering the arguments in the partial motion for judgment on the pleadings—claiming Ms. Allen has no breach of contract claim against Fifth Third." (*Id.*)

Finally, Plaintiff argues that staying discovery will delay the case beyond what Fifth Third suggests, noting that the expert witness discovery deadlines could expire before the Court reaches a ruling on Fifth Third's motion. (*Id.*) Allen states that the delay is compounded when taking into account that she served her discovery requests months ago. (*Id.*, at PageID # 410.)

10

In reply, Fifth Third points out that any delays in this case were not the fault of Fifth Third, and in fact have been nothing more than ordinary litigation delays. (DN 39, at PageID # 427.) Such delays, Fifth Third argues, do not constitute prejudice to Allen, especially when Allen has not provided any reason why discovery would be hindered in any way once the stay is lifted. (*Id.*, at PageID # 427-28.) Fifth Third also counters Allen's claim to need discovery to respond to its motion, noting that the only example Allen provided, discovery regarding LINA and Fifth Third's relationship relevant to her breach of contract claim, is not clearly tied to a current discovery request and can be found in prior disclosures by LINA. (*Id.*, at PageID # 430.) Fifth Third further notes that Allen has not identified any discovery she needs for her wage claim. (*Id.*)

Fifth Third also addresses Allen's arguments that the stay will not reduce the burdens of proceeding with discovery. (*Id.*, at PageID # 428-29.) Fifth Third argues that simplifying the issues in dispute before proceeding with discovery will make discovery more efficient for the Parties. (*Id.*, at PageID # 428.) Fifth Third counters Allen's assertion that narrowing the issues will narrow the scope of discovery, arguing that because her "requests relate to 'each' or 'all' claims or defenses, they would require Fifth Third to expend significant time and resources on answering questions about defenses, affirmative defenses, documents supporting allegations, and preparing a witness to testify regarding same, all for claims that are pending dismissal before the Court." (*Id.*, at PageID # 429.) Finally, Fifth Third argues that even taking into account Allen's claim for equitable and punitive damages, the amount at stake does not offset the burden of discovery considering the amount is small and subject to damages caps. (*Id.*)

The Court finds that the burden of proceeding with discovery upon Fifth Third outweighs any hardship to Allen in staying discovery. Fifth Third has established that Plaintiff's discovery

requests are expansive. This includes a set of nine interrogatories and thirteen requests for production covering information spanning nearly six years, many of which are drafted as contention requests (e.g., "State each defense, including affirmative, Defendant is asserting or relying on in this action. For each defense, provide the material facts supporting said defense."). (DN 33-3, at PageID # 388-96.) To respond fully to those requests, Fifth Third will have to engage in substantial fact finding, research all possible defenses and objections or risk them being deemed waived, and gather and produce documents, all at its own cost. Additionally, Allen has requested a Rule 30(b)(6) deposition seeking testimony broadly covering "Ms. Allen's claims and pleadings" and "5th3rd's pleadings (answer and defenses)." This would require Fifth Third to prepare a corporate designee to testify knowledgably about any topic relevant to the case, an effort Fifth Third estimates will require "about ten hours of employee time and 20 hours of counsel time." (DN 33, at PageID # 379.) The burden of discovery is also one-sided in this case; indeed, it doesn't appear that Fifth Third has propounded any discovery requests or received any discovery from Allen beyond initial disclosures. Thus, Allen is not bearing a similar burden in proceeding with discovery while the claims against Fifth Third linger under consideration.

On the other hand, the hardships Allen asserts she will endure in staying discovery are fairly limited. As was discussed above in the context of LINA's motion to stay, the delays in case progress that Allen cites do not amount to hardship. The Court now turns to Allen's assertion that she will be prejudiced in her ability to oppose Fifth Third's motion for judgment on the pleadings. "Limitations on pretrial discovery are appropriate where claims may be dismissed 'based on *legal determinations* that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir.2003) (emphasis added) (upholding stay of discovery pending motion for summary judgment of issues

that could be decided as a matter of law, including "whether the [the defendant], as a single entity, was an employer as defined under Title VII, whether [the plaintiff] stated a claim under ERISA, and whether the NLRB had exclusive jurisdiction over [the plaintiff]'s unfair-labor-practice claim").

Here, Fifth Third's motion for judgment on the pleadings could result in dismissal of Allen's claims based solely on legal determinations. Fifth Third's motion for judgment on Allen's wage claim depends entirely on whether disability benefits constitute wages under KRS 337.010(c). (DN 24, at PageID # 149-51.) Similarly, Fifth Third's motion for partial judgment on the pleadings depends on a finding that under the short-term disability policy, it had no duty to continue Allen's short-term disability benefits. (*Id.*, at PageID # 145-148.) Again, this is a purely legal question. *See Kentucky Shakespeare Festival, Inc. v. Dunaway*, 490 S.W.3d 691, 695 (Ky. 2016) (The interpretation of a contract, including determining whether a contract is ambiguous, is a question of law . . . ."). Further discovery will not impact the decision because the Court's analysis is confined to the four corners of the policy. *See Kentucky Shakespeare Festival, Inc. v. Dunaway*, 490 S.W.3d 691, 694 (Ky. 2016) ("[A] court will interpret the contract's terms by assigning language its ordinary meaning and without resort to extrinsic evidence."). If Fifth Third's motion succeeds on both claims, it will dispose of all of Allen's claims against it. *Cf. Chavous v. D.C. Fin. Resp. & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 3 (D.D.C. 2001) ("a stay of discovery pending determination of a motion to dismiss 'is rarely appropriate when the pending motion will not dispose of the entire case.'") (citation omitted).

Based on the foregoing, the Court finds that the circumstances of the case warrant an exercise of its "broad discretion and inherent power to stay discovery until preliminary questions

that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999).

IV. ORDER

For the foregoing reasons,

IT IS HEREBY ORDERED as follows:

1. DN 26 is **DENIED**.

2. DN 32 is **DENIED.**

3. DN 33 is **GRANTED**. Discovery as to Allen's claims against Fifth Third is **STAYED** pending a ruling on DN 24.

4. On or before **July 28, 2021**, Allen shall file her responses to DN 24 and DN 25. Any reply shall be governed by Local Rule 7.1.

Colin H Lindsay, Magistrate Judge
United States District Court

July 9, 2021

cc: Counsel of record

14